UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JUL 0 1 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-10047 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER DENYING MOTION TO COMPEL DISCOVERY |
| MARIO M. CONTRERAS, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion to compel discovery of 1) all BIA notes and reports related to this matter and 2) any records of complaints initiated or disciplinary action taken against the BIA investigator assigned to this case.. The government resists the motion.

Defendant seeks to have copies of B.I.A. officers' notes turned over to him. Pursuant to the Jenks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness," other than a statement of the defendant, is subject to pretrial discovery. 18 U.S.C. § 3500(a). The Jenks Act further provides, in part,

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). The term "statement," as relevant here, means "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1).

The U.S. Attorney's Office in the District of South Dakota has an "open file" policy whereby, upon the defendant agreeing to reciprocal discovery and to certain restrictions on disseminating the materials provided, the government provides the defendant open access to all discoverable materials in its file well in advance of trial. Counsel for the defendant did not sign

the reciprocal discovery stipulation offered by the government and the government is therefore not required to provide any Jenks Act material until the witness in question has testified at trial.

In any event, the Jenks Act only applies to statements by the witness that were signed or adopted by the witness. An investigating agent's notes about statements made by others are not the investigator's own statements and are not required to be disclosed after the investigator's trial testimony. United States v. Bolden, 545 F.3d 609, 623 (8th Cir. 2008). Further, unless the notes are signed or adopted by the person whose statements are recorded therein, they are not required to be disclosed after the testimony of the person making such statements. United States v. Price, 542 F.3d 617, 621 (8th Cir. 2008). Finally, any personnel records relating to the investigating agent clearly do not qualify as Jenks Act material.

The United States Supreme Court held in Brady v. Maryland "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Brady applies to both exculpatory evidence and impeachment evidence, that is, "evidence that the defense might [use] to impeach the Government's witnesses by showing bias or interest." United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). Defendant has cited no cases, however, that have extended Brady to information in a witness' personnel file.

Defendant is not seeking exculpatory information per se but instead seeks information concerning the manner of the investigation into the cause of the victim's death by the BIA investigator. Brady information is that which is material to guilt or innocence of the defendant or material to the sentence to be imposed. Clearly, Brady should not be extended to allow a defendant to an obtain investigator's personnel file in every case under the guise that it might be useful in cross-examination of the investigator.

Federal Rule of Criminal Procedure 16 lists the types of information that the government must disclose to the defendant during discovery. Rule 16(a)(1)(E) provides in pertinent part that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense

2

(ii) the government intends to use the item in its case in chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

However, Rule 16:

> does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). Rule 16(a)(2) specifically exempts documents prepared by government investigators.

The Eighth Circuit recently affirmed that "[r]eports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the care are immune from discovery." United States v. Polk, 715 F.3d 238, 249 (8th Cir. 2013) (*quoting* United States v. Robinson, 439 F.3d 777, 779–80 (8th Cir. 2006)). Absent contrary Congressional action, Rule 16(a)(2) will be amended effective December 1, 2013, to further clarify that the 2002 restyling of Rule 16 did not eliminate the protection for government work product recognized in United States v. Armstrong, 517 U.S. 456, 463 (1996). Advisory Committee Notes to the 2013 Amendments to Fed. R. Crim. P. 16(a)(2). The BIA investigator's notes and reports are not discoverable under Fed. R. Crim. P. 16. Clearly, any information in the investigator's personnel file are also not discoverable under Rule 16.

Now, therefore,

IT IS ORDERED that the motion, Doc. 43, to compel discovery is denied.

Dated this 28th day of June, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY
(SEAL)

3