UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 12-10047 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| MARIO M. CONTRERAS, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Monday, November 25, 2013, the Court held a hearing on Defendant's Motion for Competency Evaluation. Defendant appeared in person with his lawyer, and counsel for the government was present. The Court questioned Defendant and heard argument from counsel. Defendant exhibited difficulty communicating during the hearing on November 25, 2013. At times, Defendant completely failed to respond to the Court's questions. Defendant showed no unusual behavior to his lawyer or the Court before or during his trial, which was completed on August 1, 2013. In addition, Defendant communicated normally and showed no unusual behavior when he was interviewed at the Minnehaha County jail by his probation officer on August 20, 2013. The Court called the probation officer as a witness at the hearing on November 25. The probation officer testified that Defendant's personality was dramatically different and his physical appearance had changed since his August 20 interview of Defendant. Defendant had lost weight, appeared much thinner, and had a much different affect at the November hearing as compared to the meeting on August 20, 2013. The Court is in need of further and specific information to determine if Defendant presently is suffering from a mental disease or defect.

Under 18 U.S.C. § 3552, the Court has authority to order a presentence psychological examination and report. The statute provides, in part, that "[i]f the court, before or after its receipt of a report specified in subsection (a) or (b) desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant, the court may order the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title." 18 U.S.C. § 3552(c).

The Court requests a comprehensive evaluation of Defendant to determine his current psychological condition. Accordingly,

IT IS ORDERED:

1. That the defendant's Motion for Mental Evaluation (Doc. 123) is granted.

2. That a psychiatric evaluation will be conducted by psychiatrist David Bean, M.D. of Avera University Psychiatry Associates, 4400 W. 69th Street, Suite 1500, Sioux Falls, SD 57108.

3. That, under separate cover, the Court will provide Dr. Bean with copies of the defendant's presentence report, and the Motion and Affidavit of the defendant's lawyer dated November 15, 2013.

4. That, on or before Monday, December 16, 2013, counsel for Defendant shall provide the Court with any and all existing medical records relevant to the defendant's mental health, as well as any records relating to the automobile accident that occurred in June, 2013, as referenced in paragraph 54 of the presentence investigation report. Upon receipt, the Court will send copies of the medical records to Dr. Bean at Avera University Psychiatry Associates.

5. That, once Dr. Bean schedules a time for the mental health evaluation, the United States Marshals Service shall transport Defendant Mario Contreras to Avera Behavioral Health for the evaluation. The address is 4400 West 69th Street, Sioux Falls, SD 57108.

6. That Dr. Bean's report address:

    a. Defendant's current level of cognitive functioning in addition to any other disease, condition or illness detected during the evaluation, including the diagnosis and prognosis for each disorder.

    b. Whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him;

    c. Whether the defendant is now able to properly assist with his sentencing;

    d. Whether the defendant as a result of mental disease or defect is in need of custody for care or treatment in a suitable facility;

    e. Whether the defendant is malingering;

    f. Anything else which you as a professional consultant believe is pertinent to the factors set forth in 18 U.S.C. § 3553(a), a copy of which is attached.

7. Pursuant to 18 U.S.C. § 3552(b), the evaluation shall be completed and the report submitted to the Court within 60 days. For good cause shown, Dr. Bean may request that the Court extend the period for the study and report by an additional 60 days.

Dated this 3rd day of December, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
           DEPUTY

-3-