UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
MAR 29 2017

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 12-10047 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| MARIO M. CONTRERAS, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant moves for copies of a number of documents (doc. 198), and to proceed without prepayment of fees or costs (doc. 199).

Defendant was present during the trial and sentencing proceedings, so he should have sufficient information to identify his constitutional claims and to file a § 2255 motion without the documents he requests. The Eighth Circuit has held that "any request for a full transcript prior to the filing of a § 2255 complaint is premature." *United States v. Losing*, 601 F.2d 351, 351-53 (8th Cir. 1979) (affirming district court's denial of motion for records and transcript requested for purpose of eventually filing a § 2255 motion). *See also United States v. Barnett*, 389 Fed.Appx. 575 (8th Cir. 2010) (per curiam) ("[W]e find no basis for reversal because it is undisputed that [Petitioner] had not filed a section 2255 motion at the time he requested the exhibit."); *United States v. Herrera–Zaragosa*, 84 Fed.Appx. 728, 729 (8th Cir. 2004) (per curiam) ("[P]etitioner is not entitled to transcript copies prior to filing a section 2255 motion."). If Defendant files a § 2255 motion setting forth his grounds for relief from the conviction or sentence in this case, Defendant may then file another motion for the transcripts explaining how they will assist him in pursuing his claims.

The indictment, trial transcript, motion hearing transcripts, and the sentencing transcript requested by Defendant are part of the Court file, but Brady and Jenks material, discovery materials and investigative reports are not filed, so the Court will not be able to provide copies of those documents even if Defendant files a § 2255 motion. Defendant could, however, attempt to acquire

copies of those materials from his trial and appellate counsel at any time. Counsel might even have copies of transcripts available for Defendant.

Defendant's request for grand jury transcripts is encompassed within Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). The rule provides that grand jury materials may be disclosed when permitted by a court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A defendant must make a showing of "particularized need" for the transcripts or materials. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). A "particularized need" is demonstrated by the presentation of "specific evidence of prosecutorial overreaching." *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). A particularized need is more than a "bare allegation." *Broyles*, 37 F.3d at 1318. Defendant does not allege prosecutorial overreaching and there is no basis to order disclosure of the grand jury transcript.

Defendant's motion to proceed without prepayment of fees will be denied as premature because there is no case pending that requires IFP status. Accordingly,

**IT IS ORDERED**:

1. That Defendant's Motion for Transcripts and any Investigative Reports, doc. 198, and his Petition to Proceed without Prepayment of Fees, doc. 199, are denied. If Defendant files a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, he may re-file these motions.

2. That Defendant's request for a copy of the indictment is granted, and the Clerk of Court shall send Defendant a copy of the redacted indictment, doc. 2.

Dated this 29th day of March, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahpa
DEPUTY